O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RENE E. MARQUEZ, ) | Case No. CV 06-07696-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

Plaintiff Rene E. Marquez ("Plaintiff") seeks judicial review of the Commissioner's denial of Plaintiff's application for Disability Insurance benefits under the Social Security Act. As discussed below, the case is hereby remanded for further proceedings consistent with this opinion.

**I. Facts and Procedural History**

Plaintiff was born on May 15, 1965, and he has an eleventh grade education. (Administrative Record ("AR") 45-46.) Plaintiff's work history includes positions as a sheet metal mechanic and a dockworker.

(*Id.* at 46, 251). Plaintiff has not been gainfully employed since 1999, when he was hospitalized with dilated cardiomyopathy, hyperthyroidism, and atrial fibrillation. (AR 28.) Plaintiff was subsequently diagnosed with Graves' disease and hepatitis C, which he claims caused debilitating fatigue and weakness. (*Id.* at 28-30.)

Plaintiff filed an application for Social Security disability benefits in 2002, which an Administrative Law Judge ("ALJ") granted for a closed period of time, from September 7, 1999, to February 28, 2002. (AR 32-33.) The ALJ rejected Plaintiff's request for benefits beyond that date, concluding that Plaintiff's condition had substantially improved on January 1, 2002, and that he had become able to perform light work, as defined in 20 C.F.R. 404.1545. (*Id.*) Plaintiff did not appeal that decision.

On March 4, 2005, Plaintiff filed a second application for disability benefits, claiming that he became disabled and unable to work on March 30, 2002, due to continuing complications from Graves' disease and hepatitis C. The Commissioner denied Plaintiff's second application on July 7, 2005. (AR 218.) At Plaintiff's request, a hearing was held on March 30, 2006, before another ALJ. (AR 230.) The ALJ denied Plaintiff's application on May 25, 2006, concluding that Plaintiff was capable of performing the full range of sedentary work and, therefore, was not disabled for purposes of the Social Security Act. (AR 13-21.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 3, 2006. (AR 6.) Plaintiff then filed the instant action on December 12, 2006, alleging that the ALJ erred by failing to fully develop the record and by improperly evaluating Plaintiff's

//
//

2

symptoms and credibility.[1] (Joint Stipulation ("Joint Stip.") 2-3.) The Court will discuss Plaintiff's assignments of error in further detail below.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld if it is "supported by 'substantial evidence' and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//
//
//
//

---

[1] Plaintiff does not dispute the ALJ's conclusion that the decision on Plaintiff's prior claim is final and binding, so the Court will not address that issue.

**III. Analysis**

With respect to the two disputed issues identified in the Joint Stipulation, the Court now rules as follows.[2]

**A. The ALJ Fully Developed the Record.**

Plaintiff argues that the ALJ failed to fully develop the record, because the ALJ did not call a medical expert to testify at the hearing. (Joint Stip. 3-5.) Plaintiff contends that the ALJ is not qualified to interpret medical evidence or to make a determination regarding Plaintiff's ability to work, without a medical expert present to interpret the medical records. Plaintiff's argument is without merit.

First, Plaintiff's qualifications argument centers on the fact the ALJ is not a physician. (*See* Joint Stip. 3, 9.) Plaintiff appears to misconstrue the ALJ's function in the process of evaluating disability under the Social Security Act. The ALJ's very purpose is to review the medical and other evidence, then make a determination of a claimant's Residual Functional Capacity[3] ("RFC") as part of the overall responsibility to determine whether a claimant is disabled.

An RFC assessment is an administrative finding based on all relevant evidence, which includes the diagnoses, treatment, observations, and opinions of medical sources, among other things. 20 C.F.R. § 404.1527(e)(2). The ALJ is not bound by a physician's statement that the claimant is "disabled" or "unable to work," because that

---

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

[3] The RFC essentially categorizes a claimant's capabilities despite identified physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

determination is an administrative decision reserved for the Commissioner, and the ALJ. *Id.* Furthermore, Plaintiff cites no authority indicating that the ALJ must or even should be a physician. The Court rejects Plaintiff's argument.

Second, Plaintiff is correct that an ALJ has a duty to develop the record, because "Social Security proceedings are inquisitorial rather than adversarial," and the ALJ must "investigate the facts and develop the arguments both for and against granting benefits...." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (*cited by Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2000). The existence of ambiguous evidence, or inconclusive or otherwise inadequate medical records triggers an ALJ's duty to seek clarification or additional evidence from medical sources. *Mayes v. Massanari*, 276 F.3d at 459; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

Under such circumstances, the ALJ may develop the record in several ways, such as "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150. Another option is for the ALJ to order a consultative examination to supplement the record, *Reed*, 270 F.3d at 841, which the ALJ in the present case did.

Nothing in the Social Security Act or the implementing regulations requires an ALJ to call a medical expert to testify at a disability benefits hearing. Plaintiff provides no authority for his assertion that the ALJ's failure to do so constitutes reversible error, and the Court rejects Plaintiff's argument.

Finally, Plaintiff contends that the ALJ did not sufficiently develop the record by failing to seek further information from Plaintiff's treating physicians regarding the extent to which Plaintiff's ailments impacted his ability to work. (Joint Stip. 5). The Commissioner notes that the treating physicians did not discuss whether Plaintiff's ability to work was impaired, (Joint Stip. 9), and, indeed, a review of the records reveals no mention of any incapacitation precluding Plaintiff from working. It would not be unusual for a treating physician to omit such references, because the physician's focus is to heal the patient, not to evaluate disability under the Social Security Act.

The question, then, is whether the absence of any mention in the treating physicians' records of Plaintiff's ability to maintain employment requires the ALJ to obtain additional information on the subject specifically from the treating physicians. The Court concludes that, under the circumstances of this case, the ALJ has no such duty.

As discussed above, the court may not serve as a fact finder in reviewing Social Security denials. If an ALJ's decision is substantially supported by the evidence, then the courts must uphold that decision. In the present case, the ALJ reviewed the treating physicians' reports and the conclusions of a consulting physician and a non-examining physician in determining that Plaintiff is able to work in a limited capacity. Dr. Ella-Tamayo, the consulting physician who examined Plaintiff in 2005, concluded that Plaintiff's limitations were relatively moderate and did

//
//

not preclude him from working.[4] Dr. Limos, a non-examining reviewing physician, reached the same conclusion as Dr. Ella-Tamayo. (AR 346-353.)

Though courts generally assign greater weight to a treating physician's opinion than that of a non-treating physician, both types of opinions are entitled to some weight. *See* 20 C.F.R. 416.927(d)(1). Furthermore, a non-treating physician's opinion, by itself, may constitute substantial evidence sufficient to support an ALJ's determination. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (citations omitted). In this case, although Plaintiff's treating physicians omitted any reference to his physical capabilities, two non-treating physicians agreed that Plaintiff could work, subject to certain limitations. The ALJ was entitled to rely on the non-treating physicians' opinions, and by doing so his decision may be deemed supported by substantial evidence. The ALJ did not err by failing to seek further information from a medical expert or from Plaintiff's treating physicians. The Court finds that the ALJ sufficiently developed the record.

**B. The ALJ Did Not Provide Clear and Convincing Reasons For Discrediting Plaintiff's Testimony.**

Plaintiff contends that the ALJ failed to provide a sufficient explanation for discounting Plaintiff's credibility as to his subjective symptoms. (Joint Stip. 11.) The Court agrees with Plaintiff and finds that the ALJ's credibility determination was insufficiently specific to

---

[4] Dr. Ella-Tamayo indicated that Plaintiff "is restricted in pushing, pulling, lifting, and carrying to about 20 pounds occasionally, and about 10 pounds frequently. Sitting is unrestricted. In terms of standing and walking, the claimant is able to stand and walk 4 hours out of an 8-hour workday with normal breaks because of his heart disease and liver disease. He is able to kneel and squat occasionally and there is no functional impairment observed on both hands." (AR 343.)

permit review and, accordingly, remands the case for further proceedings.

Where an individual's claimed functional limitations and restrictions due to the alleged symptoms are reasonably consistent with objective medical and other evidence in the case, the ALJ must credit the claimant's allegations. SSR 96-7p, 1996 WL 374186, at * 2 (S.S.A. July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). Though the ALJ need not believe the claimant's every allegation of pain, the ALJ must provide clear and convincing reasons for discrediting a claimant's complaints. *Orn v. Astrue*, 2007 WL 2034287, *9 (9th Cir. 2007); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ must "state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). The ALJ may not discount the severity of the claimant's symptoms solely because the medical records do not fully corroborate the claimant's complaints. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989) (citations omitted).

According to Plaintiff, he becomes fatigued and short of breath while attempting to complete household chores or walk any distance, he rests frequently throughout the day, and he often suffers from debilitating nausea caused by his medication. (AR 408-11.) The ALJ rejected Plaintiff's claim that his symptoms prevented him from working, stating, "[T]he undersigned finds the claimant's testimony and written statements to be less than fully credible because of the discrepancies between the claimant's statements regarding the severity and intensity of his conditions, and the generally milder documentation provided by the treating sources." (AR 18.) In so concluding, the ALJ noted that

"none of the claimant's treating physicians have offered an assessment of total restriction from work activity." (*Id.*) The ALJ further determined that "the evidence does not document more than a few visits per year to discuss laboratory results, obtain refills of medications, and periodic re-evaluative studies. The objective findings and diagnostic studies do not support an inability to perform all work activity." (*Id.*)

Though the ALJ's assessment may ultimately prove correct, the ALJ's general statements regarding Plaintiff's credibility are insufficient under *Smolen* and *Fair*. Plaintiff's medical records clearly demonstrate that he suffers from Graves' disease and hepatitis C, each of which can cause fatigue and drowsiness.[5] Because Plaintiff provided objective medical evidence showing the existence of an impairment that could cause his symptoms, the ALJ may not reject Plaintiff's testimony regarding the severity of his symptoms without identifying which symptom testimony the ALJ finds to be incredible and providing clear and convincing evidence to support his conclusion. Instead, the ALJ's opinion includes only general assessments of the supposed discrepancies between the severity of the symptoms Plaintiff describes and the "milder" documentation reflected in the medical records. (*See* AR 18.) The ALJ did not identify with any specificity which symptom testimony he rejected or on which particular medical records he relied in doing so. Non-specific general references to the medical records are insufficient to discredit the alleged severity of a claimant's symptoms under *Robbins* and *Smolen*.

---

[5] Symptoms of Graves' disease may include anxiety, irritability, fatigue, rapid heartbeat, increased sweating, among others. Mayo Clinic, http://www.mayoclinic.com/health/graves-disease/DS00181/DSECTION=2 (last visited August 31, 2007). Symptoms of hepatitis C may include fatigue, lack of appetite, nausea and vomiting, jaundice, and fever. Mayo Clinic, http://www.mayoclinic.com/health/hepatitis-c/DS00097/DSECTION=2  (last visited August 31, 2007).

Although weighing a claimant's credibility is an integral part of the disability determination, the ALJ must provide sufficient justification for discounting a claimant's credibility. Because the ALJ has not done so here, the Court must remand the case for further proceedings consistent with this opinion.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that the case be remanded to the ALJ for clarification of his ruling. The Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is **DENIED**.

DATED: September 5, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge